Argued and submitted December 1, 1986, affirmed on appeal; cross-appeal dismissed as moot January 28, reconsideration denied April 10, petition for review denied April 28, 1987 (303 Or 332)

## MORROW COUNTY,
*Respondent,*

*v.*

## PORTLAND GENERAL ELECTRIC COMPANY et al,
*Defendants,*

## PACIFIC POWER AND LIGHT,
*Respondent - Cross-appellant,*

## PRIOR et al,
*Appellants - Cross-respondents.*

(85-CV-50; CA A37777)

732 P2d 73

Robert A. Lucas, St. Helens, argued the cause for appellants - cross-respondents. With him on the brief was Lucas & Associates, St. Helens.

Charles Hinkle, Portland, argued the cause for respondent - cross-appellant. On the brief were Stephen S. Walters and Stoel, Rives, Boley, Fraser & Wyse, Portland.

No appearance for respondent Morrow County.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

This is a declaratory judgment action brought by Morrow County to resolve questions concerning a petition for an election to form the proposed Willow Creek People's Utility District (WCPUD) in portions of Morrow and Gilliam counties under ORS chapter 261. Defendants Prior, McQuilken and Kutschkau (appellants), the chief petitioners, appeal several trial court rulings, the net effect of which is to prohibit Morrow County from holding an election. Only the county and defendant Pacific Power and Light (PP&L) are respondents, and the county does not appear. PP&L cross-appeals the trial court's holding that sparsely inhabited portions of Morrow County were properly included within the proposed boundary for WCPUD. We affirm on the appeal, thereby rendering the cross-appeal moot.

The primary impetus for the formation of WCPUD appears to have come from a large farming operation which is located primarily on what would be the Morrow County portion of WCPUD. The farm uses large amounts of electricity for irrigation, presently purchasing that energy from PP&L.[1] Its owners concluded that the farm would save money if a PUD were created to provide the electric energy, because of a PUD's access to less expensive federal energy. They engaged appellant Kutschkau to organize a PUD and hired an engineering firm to conduct a feasibility study.

In late February, 1985, Kutschkau obtained signatures in both Morrow and Gilliam counties to a petition for an election to establish WCPUD. He presented the petitions to the Morrow County Clerk on February 25, 1985. She accepted only the Morrow County signatures. Kutschkau then took the Gilliam County signatures to the Gilliam County Clerk, who accepted them. The Morrow County Clerk certified the signatures which she had accepted to the Morrow County Court, and the Gilliam County Clerk certified the signatures which he had accepted to the Gilliam County Court. He did not certify them to the Morrow County Court. Although the Morrow County Clerk received a copy of the

---

[1] With one inadvertent exception, the entire area which WCPUD, as proposed in the petitions, would serve is within PP&L's service area. The Morrow County Court deleted that exception in establishing WCPUD's final proposed boundaries. *See* ORS 261.161(4).

Gilliam County certification, the trial court found that there was no formal certification to the Morrow County Court by either clerk, and the evidence supports that finding. At most, two of the Morrow County signatures were of electors who lived within the proposed WCPUD boundaries; the Gilliam County petition contained 37 valid signatures.

An electors' petition for the formation of a PUD must contain signatures of electors living within the proposed boundaries equal to five percent of the greatest number of votes cast for any candidate in the most recent election for Supreme Court judge.[2] The petition must be addressed to the "county governing body" and filed with the county clerk. ORS 261.010(10). When the proposed PUD is in more than one county, the "county governing body" is the county court or Board of County Commissioners for the county having the greatest portion of the assessed value of the taxable property within the proposed boundaries. ORS 261.010(11).[3] In this case, 33 electors' signatures were necessary, and the Morrow County Court was the county governing body.

The trial court held that the Morrow County Court could not consider the Gilliam County signatures, because they were not certified to the Morrow County Court. Because the Morrow County signatures were insufficient, the court then declared that the Morrow County Court could not call an election. Appellants argue that that is a hypertechnical reading of the statute, because the Morrow County Clerk did in fact receive a copy of the certificate from the Gilliam County Clerk, although that copy did not include the original petition. Because the Morrow County Clerk refused to accept the Gilliam County petitions, appellants were unable to comply strictly with the statutory requirements. However, they argue, they complied in substance, and there is no question but that there actually were sufficient signatures to require an election.

---

[2] If the proposed boundaries include only part of a precinct, the total votes cast in that precinct are the basis for computing the necessary number. ORS 261.121.

[3] As originally proposed, the WCPUD boundaries included Portland General Electric's Boardman steamplant. As a result, the Morrow County portion of the PUD had an assessed value over $400 million, while the assessed value of all of Gilliam County real property was less than $100 million. The Morrow County Court later modified the boundaries to exclude the Boardman steamplant. The parties do not suggest that this modification affected which county court was the "county governing body."

They point out that the legislature requires that the statute be liberally construed to achieve its purpose. ORS 261.900(1).

Because the Morrow County Court is the county governing body with responsibility under the statute for calling an election, the proper procedure was for the Morrow County Clerk to have accepted all of the petitions, as appellants attempted to have her do. The clerk should then have sent the Gilliam County signatures to that county's clerk for validation; after receiving that clerk's report, the Morrow County Clerk should have certified all the signatures to the Morrow County Court.[4] The problems in this case arose primarily from the Morrow County Clerk's refusal to accept the Gilliam County petitions. However, the fact remains that no one certified the Gilliam County signatures to the Morrow County Court. We cannot construe the statute so broadly as to require that body to order an election when the record before it does not show that the necessary number of electors have petitioned for an election.[5] We therefore affirm the trial court's holding that the Morrow County Court could not call an election based on these petitions.

Appellants' other assignments of error are moot or do not require discussion. The issues on the cross-appeal concern whether the Morrow County Court correctly included certain sparsely populated areas of Morrow County when it established the WCPUD boundaries. Because we hold that the petitions could not be the basis for calling an election, those issues are moot.

Affirmed on appeal; cross-appeal dismissed as moot.

---

[4] ORS 261.010(10) provides that the petition shall be "addressed to the county governing body and filed with the county clerk * * *." Because, under ORS 261.010(11), there can only be one "county governing body" in a multi-county district, there can only be one "county clerk," who must be the clerk for the "county governing body."

[5] It is important to distinguish the formation of a PUD by resolution of the governing bodies of the counties in which it is situated. *See* ORS 261.141(1)(a).